NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 2 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMUEL LUCKEY; et al.,

Plaintiffs-Appellants,

v.

RACHEL H. MITCHELL, in her official capacity as County Attorney for Maricopa County,

Defendant-Appellee.

No.   22-16556

D.C. No. 2:21-cv-01168-GMS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted September 11, 2023
Phoenix, Arizona

Before:  GOULD, HURWITZ, and DESAI, Circuit Judges.

Some felony cases in Maricopa County (Arizona) Superior Court are assigned

to Early Disposition Court, where settlement is sometimes explored.  Under a

Maricopa County Attorney's Office ("MCAO") policy, if a defendant rejects a plea

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

offer, a subsequent offer will presumptively be less favorable.[1]  In this putative class action, two criminal defendants who accepted plea offers, Samuel Luckey and Aaron Dromiack, challenged the MCAO policy on a variety of constitutional grounds.  The district court dismissed their operative first amended complaint for failure to state a claim.

On appeal, the plaintiffs challenge only the dismissal of their claim that the MCAO policy denied them a purported state-created liberty interest in a preliminary hearing.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. Plaintiffs raise a facial challenge to the MCAO policy and therefore have the burden of establishing that it "is unconstitutional in all of its applications." *Willis v. City of Seattle*, 943 F.3d 882, 886 (9th Cir. 2019).  A facial challenge fails if there are any circumstances under which the policy would be valid.  *See United States v. Salerno*, 481 U.S. 739, 745 (1987).

2. Plaintiffs allege that the MCAO policy unconstitutionally coerces defendants to decide between accepting a plea or having a preliminary hearing.  However, the MCAO policy does not on its face require defendants to waive a preliminary hearing to receive a plea offer.  To the contrary, the policy expressly

---

[1]  MCAO adopted its current policy in August 2020, before the named individual plaintiffs were charged.  Plaintiffs erroneously cite a former policy that stated that "any subsequent offer tendered will be substantially harsher."  We take judicial notice of the applicable MCAO policy.  *See* Fed. R. Evid. 201(b).

provides that plea offers can be extended "at the status conference or the preliminary hearing."

3. Nor does the MCAO policy facially mandate that plea offers tendered before a preliminary hearing be accepted before the defendant has the opportunity for discovery. Arizona criminal defendants are entitled to certain disclosures within thirty days of arraignment. Ariz. R. Crim. P. 15.1(c). Neither named plaintiff pleaded guilty until months after arraignment. Thus, plaintiffs failed to show that the MCAO policy is unconstitutionally coercive "in all of its applications." *Willis*, 943 F.3d at 886.[2]

4. Nor does the fact that the individual plaintiffs eventually waived their preliminary hearings establish the facial invalidity of the MCAO policy. Even assuming arguendo that the right to a preliminary hearing is a state-created liberty interest, acceptance of a plea necessarily requires that a defendant waive significant constitutional rights. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees."). Although a plea offer may present "difficult choices" to a defendant, those choices are "an inevitable attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Chaffin*

---

[2] We take judicial notice of the court dockets in the individual plaintiffs' criminal cases. *See* Fed. R. Evid. 201(b). Those dockets make plain that each pleaded guilty months after their initial appearances and arraignments.

3

*v. Stynchcombe*, 412 U.S. 17, 31 (1973).[3]

**AFFIRMED.**

---

[3]    Because Luckey and Dromiack have standing to sue, we need not address whether co-plaintiff Arizona Attorneys for Criminal Justice also has standing. *See Juliana v. United States*, 947 F.3d 1159, 1168-69 (9th Cir. 2020) (holding that Article III is satisfied if any plaintiff has standing).